## The Town of Browning v. J. Q. Gelman et al.

OBLIGATION—*A Cost Bond is at Common Law.*—The following writing, " We hereby enter ourselves as security for cost in above entitled cause," is a valid common law obligation, and as such is binding upon the signers, whether the statute does or does not require a cost bond to be given under the facts and circumstances under which such bond is given.

**Debt,** on a cost bond. Trial in the Circuit Court of Schuyler County; the Hon. HARRY HIGBEE, Judge, presiding. Finding and judgment for defendants. Error by plaintiff. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed October 5, 1898.

GLASS & BOTTENBERG, attorneys for plaintiff in error.

L. A. JARMAN, attorney for defendants in error.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The plaintiff in error sued the defendants in error in the Circuit Court of Schuyler County on a cost bond given by them in the case of Town of Browning v. C. B. Workman et al., to recover the amount of the costs adjudged against said town in that case, which it had paid. The defendants in error defended the suit on the ground that the bond sued on was wrongfully required to be given, and that it was procured to be given by duress. The trial was by the court, without a jury, and the finding and judgment for the defendants in error. The plaintiff in error brings the case to this court by writ of error, and urges us to reverse the judgment of the Circuit Court, claiming it is contrary to the law and the evidence.

The evidence shows that a suit was brought by the plaintiff in error against C. B. Workman et al., before a justice of the peace in the town of Browning, to recover a fine for an alleged obstruction of a highway of the town; while this suit was pending, at a called meeting of the

commissioners of the highways of the town, two of the members being present, the other absent but had been notified of the meeting, it was ordered by them that the suit be dismissed and the same was dismissed the same day. The next day the member of the commissioners of highways of the town that was not present at said meeting, against the wishes of the other two members, instituted another suit before a justice of the peace of the town in the name of the plaintiff in error against the same persons to recover a fine for the same alleged obstruction. Before the justice of the peace would try this second suit he required a bond for costs to be given, and the defendants in error, in pursuance of the requirement, voluntarily gave the bond sued on in this case, which is as follows:

" TOWN OF BROWNING        .        Before M. H. SHIPPEY,
          *vs.*                                    October 13, 1893.
C. B. WORKMAN ET AL.
We hereby enter ourselves as security for cost in above entitled cause.

J. Q. GELMAN.<br>
J. M. VENTERS.<br>
JOHN BRYANT.<br>
A. E. LANE."

No duress was shown in procuring this bond to be given, and after it was filed with the justice of the peace the case in which it was given proceeded to a judgment against the plaintiff in error for costs amounting to $292.70, which it paid.

From these facts, which are undisputed by the evidence, we are satisfied that the findings and judgment of the Circuit Court should have been in favor of the plaintiff in error for $292.70, the amount of the costs adjudged against it in the suit in which the bond sued on was given, and to secure the plaintiff in error from the payment of which the bond was given.

This bond was a valid common law obligation; it was voluntarily given, and as such, binding upon the defendants in error, whether the statute did or did not require a cost bond to be given under the facts and circumstances under which this bond was given.

The judgment of the Circuit Court of Schuyler County in this case being, in our opinion, against the law and the evidence, we reverse it and remand the case to that court for a new trial. Reversed and remanded.